Jacqueline POWELL, Appellant,

v.

Melvin POWELL, Appellee.

No. 86–1503.

District of Columbia Court of Appeals.

Argued Feb. 29, 1988.

Decided Sept. 9, 1988.

Anne Spielberg, with whom Susan Deller Ross and Sarah E. Burns, Washington, D.C., were on the brief, for appellant.

Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D.C., filed a brief for amicus curiae, District of Columbia.

Laura A. Foggan, Washington, D.C., for amicus curiae, The Women's Legal Defense Fund.

Before PRYOR, Chief Judge, and FERREN and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

This is an appeal from a ruling of a trial court sitting in the Intrafamily Branch of the Family Division. The ruling challenged as erroneous was that the trial court lacked the authority to grant monetary relief as part of a civil protection order ("CPO") issued under the Intrafamily Offenses Act ("the Act"), D.C.Code §§ 16–1001 to –1006 (1981 & 1987 Supp.).

Jacqueline Powell, the appellant/petitioner, filed a petition under the Act against her husband, Melvin Powell, seeking protection for herself and her two teenage sons. Among other relief, she sought a court order requiring her husband to pay $1100 monthly "to cover both child support and rental expenses for a house or apartment, the address of which shall remain unknown to respondent." After a hearing, the trial court issued a CPO against the husband ordering, *inter alia,* that he vacate the family residence and not threaten or abuse the wife and children. However, the trial court refused to grant the request for the $1100 monthly payment and likewise refused the wife's alternative requests that the husband be ordered to continue making mortgage payments on the

family residence and to pay for the costs of making the residence secure against the husband's unauthorized return.

Appellant interprets the trial court's oral rulings as based on the court's belief that under the Act it had no power to award any monetary relief, but rather that the relief sought could be obtained only through a filing in the Domestic Relations Branch of the Family Division. We shall proceed on that assumption.[1] Appellant asserts that statutory power to award monetary relief does exist in the catchall provision of the Act that the trial court in a CPO may direct the respondent "to perform or refrain from other actions as may be appropriate to the effective resolution of the matter." D.C. Code § 16–1005(c)(10) (1987 Supp.). In her case, she argues, she and her children were dependent upon her husband for support, and this financial dependency was a major factor in the perpetuation of the long history of violence in the family. She asserts that the only effective remedy given the background of violence was for the family to live apart from the husband at a place unknown to him, or alternatively for the house to be made secure both financially and physically, which remedies required monetary relief in order that there be an "effective resolution of the matter."

■ Thus, the issue before us is whether monetary relief is unavailable in an action under the Act between spouses or between parent and minor child,[2] even where the trial court may determine that such relief would be "appropriate" to effectively resolve the matter before it. Certainly, the language of subsection (10), standing alone, creates no such limitation; indeed, to limit the reading of "actions" to physical actions puts a certain strain on the facial meaning of the provision. Moreover, the amendments to the Act made in 1982, and the background thereto, provide significant support to a broad reading of the language.

As originally enacted by the Congress in 1970, the Act provided for only three types of specific relief available under a CPO: requiring the respondent to refrain from the conduct complained of, to participate in treatment programs, and to avoid the presence of the endangered family member. The Act also contained a catchall provision with language identical to the present section (10). D.C.Code § 16–1005(c) (1981).

In 1982, the District of Columbia Council enacted a number of amendments to the Act, to deal with "several critical weaknesses" that had surfaced in the functioning of the Act. D.C.COUNCIL, COMMITTEE ON THE JUDICIARY, REPORT ON BILL 4–195 (May 12, 1982). One such weakness dealt with effective remedies. "It has been stated repeatedly ... that the current interpretation of D.C.Code, sec. 16–1005 by the local courts has been extremely narrow, such that truly effective remedies are not ordered in some cases." *Id.* at 10. Accordingly, six additional types of possible specific relief were added to § 16–1005(c): requiring the respondent to vacate the premises (including jointly owned or leased property), directing the respondent to relinquish possession or use of personal property (including jointly owned personalty), award of temporary custody of minor children, determining visitation rights, awarding litigation costs, and ordering the local police to assist in the enforcement of CPOs. While it is true that monetary relief is not specifically mentioned as such, several of the provisions effectively deal with temporary adjustment of property interests, a form of monetary relief, and the litigation costs provision involves, of course, direct payment. Moreover, the plain intent of the legislature was an expansive reading of the Act, which we think must be accorded to the catchall provision as well.

---

1. It is not clear that all forms of the requested monetary relief were denied on this basis alone.

2. In such cases, monetary relief provided under the Act would have a basis in an obligation existing apart from the Act itself, namely, in the statutory duty of maintenance. D.C.Code § 16–916 (1981 & 1987 Supp.). We do not deal here with the issue whether § 16–1005(c)(10) standing alone can be used to create an enforceable obligation authorizing monetary relief, such as, for example, between unmarried roommates. *Cf. Sandoval v. Mendez,* 521 A.2d 1168 (D.C.1987).

This approach finds further support in legislative history of the 1982 amendments furnished us in the helpful amicus brief of the Corporation Counsel, filed at our request in the absence of any opposition by respondent. Prior to 1982, all petitions under the Act were filed by the Corporation Counsel.[3] Understandably, her views were sought in the course of consideration of the amendments. We are advised that the Corporation Counsel submitted two memoranda which questioned the wisdom of expanding the remedies then available in intrafamily offense proceedings and recommended against expanding them. Her position was that the legislation should be limited to obtaining a protection order as quickly as possible in a very narrowly focused proceeding in the interest of obtaining protection orders as easily as possible, and that this was not likely to occur if other important matters were at issue besides physical protection of the petitioner. Clearly, the Corporation Counsel's brief tells us, the Council rejected the Corporation Counsel's then position, and the amended Act must be read to support appellant's position. We are not unmindful of the concerns expressed by the Corporation Counsel at the time and like concerns which were also expressed by the trial court at the hearing preceding the order under review before us. However, the legislature has spoken and we follow its will as we read it.

█ For the foregoing reasons, we hold that the trial court erred in its conclusion that it had no power to award any monetary relief in the proceeding before it. However, we see no occasion for a remand. Whatever monetary relief might have been awarded would have been to accomplish an "effective resolution" of the matter of family violence then before the court. Almost two years have since passed and plainly an award now could have no such retroactive effect.[4] The purpose of the appeal is accomplished by this opinion alone, and accordingly, without any prejudice resulting to appellant, the order appealed from may simply be

AFFIRMED.

FERREN, Associate Judge, concurring in part and dissenting in part:

I agree with Judge Steadman's opinion for the court except for the disposition of the last paragraph. I would reverse and remand for the Intrafamily Branch to reconsider whether, in light of this court's ruling, Ms. Powell should receive monetary relief for the period October 2, 1986 to January 25, 1987—the period for which she was not awarded such relief by that branch or by the Domestic Relations Branch.

Despite the passage of time, the trial court after hearing and argument—not this court—should decide in the first instance whether monetary relief is appropriate to help "accomplish an 'effective resolution' of the matter of family violence," *ante* at 975, that was before the court. It is not clear to me whether the trial court should answer that question as of the time of remand or as of the time the matter was before the Intrafamily Branch. Our decision to affirm, rather than remand, in effect holds as a matter of law that the focus for this purpose must be on the present, not on the past, and that the parties are not entitled to address this issue in the trial court. I think that the question is too complex for such a conclusory—and conclusive—ruling.

3. In 1982, the Act was amended to authorize petitions directly by a victim. D.C.Code § 16–1003(a) (1987 Supp.).

4. In concluding that we have any jurisdiction over this appeal, we rely on the principle that, with respect to Mrs. Powell, this situation is one "capable of repetition, yet evading review." *Honig v. Doe,* —— U.S. ——, 108 S.Ct. 592, 601–04, 98 L.Ed.2d 686 (1988); *United States v. Edwards,* 430 A.2d 1321, 1324 n. 2 (1981) (en banc), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982).